In the cross-appeal of Wilson v. Broder, etc., the appeal is dismissed.

<hr/>

## MILLER v. SANDERSON et al.

Where a clerk of the District Court improperly refuses to issue execution on a judgment rendered in the Court of which he is clerk, on the ground that the judgment has been attached at the suit of another party, a bill in equity can not be sustained to release the attachment and compel the clerk to issue the execution, as the injured party has his remedy at law by an action on the official bond of the clerk.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

Plaintiff commenced his suit, by bill, in the Court below, to release the levy of an attachment upon a certain judgment, and to compel the clerk to issue execution on said judgment.

The bill sets out that plaintiff, on the thirteenth day of March, 1858, recovered a judgment in the District Court of the Eleventh Judicial District, in and for the county of El Dorado, against one E. B. Carson, for the sum of $514 33; that such judgment was for the wrongful acts of Carson while acting as sheriff of said county, in seizing, selling, and ousting plaintiff from his homestead, and also for selling certain personal property exempt from forced sale on execution; and that said judgment is in full force and effect.

That on the fifteenth day of March, 1858, the defendants Sanderson and Newell sued plaintiff, by attachment, for $400, attorney-fees, and had the said writ levied on the judgment of plaintiff against Carson, and served a copy of the attachment and notice on defendant Waldron, the clerk of the District Court of

said county; that afterwards, defendants Sanderson and Newell recovered judgment in said action; that on the eighth day of June, 1858, plaintiff directed the defendant Waldron, as such clerk, to issue execution on his judgment against Carson, and that Waldron refused to issue the execution, on the ground that it was attached at the suit of Sanderson and Newell. The bill also avers that the judgment against Carson is unsatisfied, and that plaintiff is without remedy, and prays that the Court decree that the levy of the attachment of Sanderson and Newell be set aside, and the judgment released therefrom, and that the clerk be directed to issue execution on his said judgment against Carson.

The defendants demurred to this bill, on the ground that it did not state facts sufficient to constitute a cause of action.

The Court below overruled the demurrer, and the defendants not desiring to answer, gave judgment for the plaintiff in accordance with the prayer of his bill. Defendants appealed to this Court.

*Sanderson and Newell* for Appellants.

If plaintiff is entitled to any relief, his remedy would be by *mandamus* against the clerk; or an action against him on his official bond; or by a motion in open Court, to have him issue the execution.

Who ever heard of a bill in chancery to set aside an attachment?

*W. H. Brumfield* for Respondent.

TERRY, C. J., delivered the opinion of the Court—FIELD, J., and BALDWIN, J., concurring.

The decree in this case is clearly erroneous. Admitting the allegations in the plaintiff's bill to be true, it shows that he has a perfectly adequate remedy at law by an action on the official bond of the clerk. And he must pursue his legal remedy.

Judgment reversed, and bill dismissed.